Benigno Rodríguez Pietri, Plaintiff and Appellant, v. María Concepción Irizarry, Defendant and Appellee.

No. 6068. Argued May 18, 1933.—Decided July 28, 1934.

*López de Tord & Zayas Pizarro* for appellant. *F. Parra Capó* and *F. Parra Toro* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

This is a case involving an alleged breach of contract. The court rendered judgment for the defendant. We find in the record a complaint, an amended complaint, and a second amended complaint, without apparent reason for not eliminating the former pleadings. The plaintiff alleges in substance that he had purchased from the defendant, through her attorney-in-fact, a crop of oranges on a certain property for the period from 1929 to 1930; that the plaintiff paid the pur-

chase price by delivering to the defendant a check for $500 and also giving her credit of $500 for provisions bought in the shop of the plaintiff; that the defendant permitted the plaintiff to place on the property a person in his confidence to look out for the collection of the crop; that when the plaintiff was about to collect the oranges for export, the defendant refused to permit the plaintiff or anyone else in his interest to enter the property to collect the fruits, with resulting damages to the plaintiff of $1,000 for the purchase price and $10,000 for the failure to obtain profits.

Among other averments, the principal defence was a denial on information and belief that any contract of sale of the oranges was made to the plaintiff. The real struggle was over the fact that the contract for sale alleged to have been made by the attorney-in-fact was not in writing, or not by an authentic document.

The defendant admitted in total effect the receipt of the $500 for her account and the payment of the $500 for provisions, as described in the complaint. She maintained, however, that the $1,000 was not the advance price of a sale of the fruits but was a refaction loan to be credited to the price paid in case the complainant became the purchaser of the fruits or to be returned to him in case the purchase was made by another person. The case went on to trial; the plaintiff presented evidence tending to support the averments of the complaint; the defendant moved for a nonsuit and the court granted the same.

Given the fact that the defendant admitted the receipt of $1,000, or its equivalent, the struggle between the parties was over the nature of the contract that existed between them. On the evidence submitted, the defendant admitted that there was a contract made on her behalf by her son, or she ratified the same. Therefore, the plaintiff was entitled to attempt to prove a prima facie case showing the nature of the contract. This he did, as we have said, prima facie, and the motion for nonsuit, should have been overruled. The ques-

tion of whether or not the contract was or was not made in writing by the attorney-in-fact disappears from the case and the only real thing left to determine is whether the plaintiff and his witnesses were to be believed, or perhaps those to be presented by the defendant.

Therefore, the judgment should be reversed as prayed for, and the case sent back to the District Court of Ponce for further proceedings not inconsistent with this opinion.